OPINION
{¶ 1} Michael Conway appeals from a final judgment and decree of divorce entered by the Montgomery County Court of Common Pleas, Domestic Relations Division. Mr. Conway and his wife, Melinda, had agreed to divide their respective retirement accounts equally as of September 1, 2005, which was around the time that the complaint for divorce was filed. Mr. *Page 2 
Conway claims that the trial court erred in not also taking into account gains and losses on those accounts that accrued between September 1, 2005 and the date of the final judgment and decree of divorce, entered April 12, 2007, in arriving at the equalizing amount to be paid by Mrs. Conway to Mr. Conway to accomplish an equal division of the retirement accounts. For the following reasons, we will affirm the judgment of the trial court.
 {¶ 2} Mr. Conway sets forth the following assignment of error in his brief.
 {¶ 3} "THE TRIAL COURT ERRED BY NOT GRANTING EACH PARTY ONE-HALF OF ALL GAINS OR LOSSES ON THE FIVE RETIREMENT ACCOUNTS AFTER 9/1/05, NOT COUNTING ANY NEW CONTRIBUTIONS INTO APPELLEE'S 401(k) ACCOUNT OR APPELLANT'S IRA ACCOUNT, AND PURSUANT TO THE TRANSCRIPTS FROM THE JUNE 29, 2006 HEARING AND THE NOVEMBER 14, 2006 HEARING."
 {¶ 4} The parties had agreed that funds deposited in their respective retirement accounts as of September 1, 2005, would be divided equally, and that funds deposited after that date would not be treated as marital property. It is not clear from the record whether the parties discussed how to handle the gains and losses on the funds in the accounts after September 1, 2005. At this point, they disagree as to whether the gains and losses that accrued between September 1, 2005, and the final judgment and decree of divorce on April 12, 2007, should have been taken into account in dividing these accounts. In its judgment, the trial court simply divided the accounts as of September 1, 2005, without reference to subsequent gains and losses on those funds.
 {¶ 5} Mr. Conway contends that the court erred in failing to take into account these *Page 3 
market fluctuations in dividing the retirement accounts, and he claims that the transcript of the hearing reflects the parties' agreement to so divide these accounts. Mrs. Conway, on the other hand, claims that the record does not establish any agreement to consider post September 1, 2005 gains and losses. The parties cite different portions of the transcript in support of their positions. The parties acknowledge on the record that some conversations about the retirement accounts occurred in chambers and off the record.
 {¶ 6} Each party had an IRA and a Roth IRA, and Mrs. Conway also had a 401(k) plan through her employer. The parties had been married for twenty years, and they agreed that the entire amount of these accounts as of September 1, 2005, was to be treated as marital property.
 {¶ 7} The pertinent portion of the transcript states:
 {¶ 8} THE COURT: "Did we agree that we were going to use the date of September 1, `05 for the values on all of these [retirement] accounts?
 {¶ 9} MR. CONWAY'S ATTORNEY: "Except — no, we didn't. Because we said the two regular Roths and the two IRA's, if the restraining orders were on, they were not to be touched, so it would be what the market did up or down.
 {¶ 10} MRS. CONWAY'S ATTORNEY: "Yes.
 {¶ 11} MR. CONWAY'S ATTORNEY: "And that's what we talked about in chambers.
 {¶ 12} MRS. CONWAY'S ATTORNEY: "And we're fine with that.
 {¶ 13} MR. CONWAY'S ATTORNEY: "And then we talked about the 401-K if she continued to contribute and they were already separated we were going to use the value of the date of * * * filing.
 {¶ 14} MRS. CONWAY'S ATTORNEY: "9/1. *Page 4 
 {¶ 15} MR. CONWAY'S ATTORNEY: "9/1 basically.
 {¶ 16} MRS. CONWAY'S ATTORNEY: "That's correct.
 {¶ 17} MR. CONWAY'S ATTORNEY: "He just told me he's been contributing into his IRA for the last year and a-half.
 {¶ 18} MRS. CONWAY'S ATTORNEY: "Which one is that?
 {¶ 19} MR. CONWAY'S ATTORNEY: "I do not know.
 {¶ 20} * * *
 {¶ 21} THE COURT: "Please listen while I'm talking. Let me back up because you may see this in the decision from the Court and may say I don't agree with that, so listen to what I'm saying.
 {¶ 22} "The agreement is all retirement accounts, pension, retirement accounts, whatever, IRA's, Roths, 401-K's, will be — the marital share will be equally divided, period, is that correct?
 {¶ 23} MR. CONWAY'S ATTORNEY: "Yes.
 {¶ 24} THE COURT: "And the only way in which you're stipulating a valuation is the 401-K of 9/1/05.
 {¶ 25} MR. CONWAY'S ATTORNEY: "Until we just learned he contributed into his Roth. So that kind of affects it like the 401-K."
 {¶ 26} THE COURT: "Well I thought in chambers we said we were going to use 9/1/05 for the division date on all of the plans.
 {¶ 27} MR. CONWAY'S ATTORNEY: "We didn't, no. That isn't what we concluded.
 {¶ 28} THE COURT: "Well, think about it. *Page 5 
 {¶ 29} MR. CONWAY'S ATTORNEY: "I know. You want me to confer a second on it?
 {¶ 30} THE COURT: "No. I think we're just going to put a division date.
 {¶ 31} MR. CONWAY'S ATTORNEY: "My client says he's willing to do that too.
 {¶ 32} MR. CONWAY: "9/1/05 doesn't make any difference as long as we use that because all the ones that haven't been contributed it's still going to be the same amount.
 {¶ 33} MR. CONWAY'S ATTORNEY: "Right. So we'll use 9/1/05.
 {¶ 34} THE COURT: "Okay. 9/1/05 for all. All right. And you understand what we're doing. We're going to make an effort to equalize them so that only one order needs to be prepared by a pension evaluator type person, or whoever is going to prepare this order, so that only an equalizing amount is transferred from one person's account to another person's account, period.
 {¶ 35} "And I don't know how it's going to come out because I don't know what rate you've been contributing. That takes care of retirements."
 {¶ 36} Based on its recitation of the parties' agreement in its judgment entry, the trial court apparently did not believe that any consideration of gains or losses on the retirement accounts after September 1, 2005, was contemplated. Instead, the court concluded that the parties had agreed on a fixed date for valuation of the retirement accounts. In our view, the discussion of this issue at the hearing was ambiguous; it is not clear that the parties had agreed on the handling of gains and losses in the retirement accounts. We will not speculate as to what discussions were had on this issue in chambers. Because the statements on the record are ambiguous, we must conclude that Mr. Conway has failed to show that the trial court's order *Page 6 
departed from the parties' agreement
 {¶ 37} The assignment of error is overruled.
 {¶ 38} The judgment of the trial court will be affirmed.
FAIN, J., concurs.